# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTOE DIVISION
# 3:19-cv-00039-FDW

| | |
|---|---|
| AJANAKU MURDOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on its own motion.

On December 30, 2019, the North Carolina Department of Public Safety (NCDPS) filed a notice under seal indicating it was unable to procure waivers of service for Defendants William W. Horne and R. David Mitchell for the reasons stated in that notice. [Doc. 11]. The sealed notice provides the last known addresses for these Defendants. [Id.].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served

[Defendant] with reasonable effort").

Here, despite that requests for waiver of service were submitted to the NCDPS, no waiver from Defendants Horne or Mitchell were obtained. As such, it does not appear that these Defendants actually ever received service of process. With the additional information supplied for service on Defendants Horne and Mitchell, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 11 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants Horne and Mitchell.

**IT IS, THEREFORE, ORDERED** that:

(1) The Clerk of Court will send a copy of this Order and Docket No. 11 to the U.S. Marshals Service.

(2) The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Horne and Defendant Mitchell in accordance with Rule 4.

Signed: January 3, 2020

Frank D. Whitney
Chief United States District Judge