UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00039-MR

| AJANAKU MURDOCK, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | ORDER |
|  | ) |  |
|  | ) |  |
| FNU WILLIAMS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court sua sponte on Plaintiff's filing of his "Response to ORDER Filed On 5-20-20." [Doc. 26].

## I. BACKGROUND

Pro se Plaintiff Ajanaku Murdock ("Plaintiff") is a North Carolina prisoner currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action in this Court on January 28, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. Plaintiff's Complaint survived initial review as to Defendants FNU Williams, FNU Horne, and FNU Mitchell. [Doc. 7]. Defendant Williams waived service. [Doc. 10]. After waivers of service for Defendants Horne and Mitchell were returned unexecuted, the Court ordered that the U.S. Marshal was to use reasonable

efforts to locate and obtain service on Defendants Horne and Mitchell in accordance with Rule 4 of the Federal Rules of Civil Procedure. [Doc. 12]. Defendant Horne was served on January 10, 2020. [Doc. 14]. On February 27, 2020, Defendants Horne and Williams filed a motion to dismiss the Complaint, which remains pending before the Court. [Doc. 19]. Despite efforts by the U.S. Marshal to serve Defendant Mitchell, he remains unserved and Plaintiff has sought no extension of time for service. [See Doc. 15].

Under Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on October 29, 2019. [Doc. 7]. Plaintiff, therefore, had until January 27, 2020 to serve Defendant Mitchell.

On May 20, 2020, the Court entered an order pursuant to Rule 4(m) requiring Plaintiff to show good cause for his failure to timely serve Defendant Mitchell. [Doc. 25]. The Court notified Plaintiff that it would dismiss

2

Case 3:19-cv-00039-MR  Document 27  Filed 06/23/20  Page 2 of 6

Defendant Mitchell without prejudice unless, within fourteen (14) days of that Order, the Plaintiff showed good cause for his failure to serve him. [Id.].

Plaintiff filed a response to the Court's show cause Order, which was dated June 3, 2020 and filed on June 11, 2020. [Doc. 26 at 3]. In his response, the Plaintiff states that "[d]ue to [his] incarceration and ongoing mental health issues, it is impossible for [him] to properly serve a Summons for David Mitchell." [Id. at 1]. Plaintiff also complains that his "In Forma Pauperis status … hinders him from issuing a summons on Defendant Mitchell." [Id.]. Plaintiff further states that he was "under the impression that the district court and/or the U.S. Marshal is responsible for the service of complaint/summons." [Id. at 2 (citing 28 U.S.C. § 1915(d)). Finally, Plaintiff states he was "waiting on a response" to his acceptance of assistance by the N.C. Prisoner Legal Services (NCPLS) to conduct discovery in this matter.[1] Plaintiff does not assert that he has undertaken any efforts to further obtaining service on Defendant Mitchell, despite that service on Mitchell is now five months overdue.

---

[1] On March 19, 2020, Plaintiff accepted the assistance of the NCPLS in conducting discovery in this matter "if ordered to do so by the Court." [Doc. 23]. Discovery in this case has not yet begun because answers have not been filed and the Court, therefore, has not entered a pretrial order and case management plan. Plaintiff states no reason why his failure to serve Defendant Mitchell is based, in part, on his waiting for a "response" to his accepting NCPLS assistance where NCPLS counsel will not be appointed unless and until the discovery period begins.

3

Case 3:19-cv-00039-MR   Document 27   Filed 06/23/20   Page 3 of 6

## II. DISCUSSION

"'Good cause' as used in Rule 4(m) refers to a legally sufficient ground or reason based on *all* relevant circumstances." Robinson v. GDC, Inc., 193 F.Supp.3d 577, 580 (4th Cir. 2016) (citing McDermott Int'l, Inc. v. Wilander, 498 U.S. 337, 342 (1991)).

> Courts within the Fourth Circuit found good cause to extend the [90]-day period when the plaintiff has made reasonable, diligent efforts to effect service on the defendant. This leniency especially holds true when factors beyond the plaintiff's control frustrate his or her diligent efforts. Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant or stayed proceedings that delay the issuance of a summons.
>
> At a minimum, inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service generally are insufficient to show good cause. While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, neither *pro se* status nor incarceration constitute good cause.

McCoy v. Abbasi, No. 3:10CV875, 2012 WL 4933301, at *1 (E.D. Va. Oct. 16, 2012) (internal citations and quotation marks omitted).

Here, Plaintiff has failed to state good cause for his failure to serve Defendant Mitchell. Plaintiff filed this action while incarcerated based on alleged constitutional violations by Defendants during Plaintiff's confinement

at Lanesboro Correctional Institution. [Doc. 1]. His pro se prisoner status does not excuse the service requirements in this action. McCoy, 2012 WL 4933301 at *1. Further, 28 U.S.C. § 1915(d), which states that "[t]he officers of the court shall issue and serve all process and perform all duties in [cases where a prisoner is allowed to proceed without prepayment of fees]," does not require officers of the court to identify defendants or otherwise facilitate service. Section 1915(d) merely requires officers of the court to effectuate service when provided with a summons containing the information necessary for service. As noted, the U.S. Marshal unsuccessfully attempted to effectuate service on Defendant Mitchell on the Court's Order. [Docs. 11, 12, 15]. Plaintiff has made no effort since that time to locate Defendant Mitchell and has sought no extension of time to complete service. Plaintiff also fails to suggest that he will be able to serve Defendant Mitchell any time in the foreseeable future and, in fact, states service on Defendant Mitchell is "impossible." As such, any extension of the service period would be futile, in any event, and the Court declines to exercise its discretion to enlarge the service period. See Robinson v. GDC, 193 F.Supp.3d at 581.

## III. CONCLUSION

Because Plaintiff has failed to show good cause for his failure to timely serve Defendant Mitchell, the Court will dismiss Defendant Mitchell without

prejudice pursuant to Rule 4(m).

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Mitchell is hereby **DISMISSED WITHOUT PREJUDICE** as a Defendant in this matter.

**IT IS SO ORDERED**.

Signed: June 22, 2020

Martin Reidinger
Chief United States District Judge