# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00039-MR

| | |
|---|---|
| AJANAKU MURDOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss. [Doc. 19].

## I.   BACKGROUND

Pro se Plaintiff Ajanaku Murdock ("Plaintiff"), a North Carolina prisoner currently incarcerated at Alexander Correctional Institution ("Alexander") filed this action on January 28, 2019, pursuant to 42 U.S.C. § 1983. Plaintiff named the following Defendants: (1) FNU Williams, identified as a Disciplinary Hearing Officer (DHO) at Lanesboro Correctional Institution ("Lanesboro"); (2) FNU Horne, identified as an Assistant Unit Officer at Lanesboro; (3) the Disciplinary Appellate Committee of the N.C. Department of Public Safety ("NCDPS"); (4) FNU Mitchell, identified as the Superintendent of Lanesboro; and (5) the Facility Classification Committee

(FCC) of Lanesboro. Plaintiff alleged that his Fourteenth Amendment due process rights were violated because he received a punishment of six-months' solitary confinement for an alleged assault on a female guard that Plaintiff contends he did not commit. Plaintiff alleged that "violations in this complaint happened on or about 12-31-15 and were upheld by the disciplinary appellate board after 1-21-16 when [he] was found guilty." [Id.].

On October 29, 2019, Plaintiff's Complaint survived initial review as to Defendants Williams, Horne, and Mitchell. [Doc. 25]. The Court dismissed Defendants Disciplinary Appellate Committee and Facility Classification Committee for the reasons stated in its initial review Order. [Id. at 4]. On June 23, 2020, the Court dismissed Defendant Mitchell without prejudice for Plaintiff's failure to timely serve him. [Doc. 27].

Defendants Williams and Horne now move to dismiss Plaintiff's Complaint for Plaintiff's failure to exhaust administrative remedies. [Doc. 19]. On March 3, 2020 this Court entered an order, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his right to respond to Defendants' motion within fourteen (14) days of that Order. [Doc. 22]. Plaintiff responded to Defendants' motion. [Doc. 24].

The matter is now ripe for adjudication.

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing a section 1983 action. 42 U.S.C. § 1997e(a). The PLRA provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. In Porter v. Nussle, the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. 534 U.S. 516, 532 (2002). The Court ruled that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citation omitted). The Porter Court stressed that, under the PLRA, exhaustion must take place before the commencement of the civil action in order to further the efficient administration of justice. Id.

In Woodford v. Ngo, the Supreme Court held that the PLRA exhaustion requirement requires "proper" exhaustion: "Administrative law . . . requir[es] proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Further, "[t]here is no

3

question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524). Finally, it is well-settled that a prisoner may not exhaust his administrative remedies during the pendency of a Section 1983 action; rather, he must fully exhaust all steps of the administrative process before filing his lawsuit. See Germain v. Shearin, 653 Fed. Appx. 231, 234 (4th Cir. 2016); French v. Warden, 442 F. App'x 845, 846 (4th Cir. 2011). The NCDPS has established, in its Administrative Remedies Procedures ("ARP"), a three-step procedure governing submission and review of inmate grievances. Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

Here, Plaintiff, in describing the administrative relief he sought and the result obtained, alleged that he "contacted the appropriate officials, the F.C.C.[,] the Superintendent, etc., all to no avail." [Doc. 1 at 4]. Plaintiff, however, has filed no documents reflecting the use of the administrative grievance process in relation to the subject of his Complaint. In support of their motion to dismiss, Defendants provide, among other things, copies of Plaintiff's fully exhausted grievances from 2016 as provided by the Inmate Grievance Resolution Board. [Doc. 21-3]. See Yarber v. Capital Bank, 944 F.Supp.2d 437, 441 (E.D.N.C. Mar. 18, 2013) ("The court may also consider

4

documents attached to the complaint and documents attached to the motion to dismiss if those documents are integral to the complaint and authentic.").[1] Neither of these grievances relate to the subject of the instant Complaint. [See id. at 2-23]. They do, however, reflect that Plaintiff was fully aware of the grievance process and demonstrate his ability to exhaust administrative remedies generally.

Plaintiff admits in his response to the Defendants' motion to dismiss that he did not exhaust his administrative remedies because doing so would have been "futile." [Doc. 24 at 2]. Exhaustion is excused "if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore, 517 F.3d at 725. Futility, however, is no exception to the exhaustion requirement. Reynolds v. Doe, 431 Fed. App'x 221, 222 (4th Cir. 2011) (citing Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)).

Because Plaintiff failed to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a) before filing this lawsuit, his claim against Defendants must be dismissed without prejudice. See Harris v. Midford, No. 1:10-cv-263, 2011 WL 1601446 (W.D.N.C. Apr. 27, 2011). The Court will, therefore, grant Defendants' motion to dismiss.

---

[1] Here, defense counsel attests that, "it is anticipated that these documents will be uncontested, the facts contained therein relate solely to a matter of formality, and there will be no substantial evidence offered in opposition." [Doc. 21-1 at ¶ 2].

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court grants Defendants' Motion to Dismiss and dismisses this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss [Doc. 19] is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: July 9, 2020

Martin Reidinger
Chief United States District Judge