# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL CASE NO. 3:19-cv-00039-MR

| | |
|---|---|
| AJANAKU MURDOCK, )<br><br>Plaintiff, )<br><br>vs. )<br><br>FNU WILLIAMS, et al., )<br><br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Remand from the Court of Appeals for the Fourth Circuit for the limited purpose of allowing this Court to obtain information from the parties concerning whether and when Petitioner filed and/or gave to prison officials a notice of appeal from the Court's Order dismissing Plaintiff's Complaint without prejudice and to determine whether any such notice of appeal was timely filed, all in accordance with Fed. R. App. P. 4(c)(1) and Houston v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). [See Doc. 34].

On July 10, 2020, the Court entered an Order dismissing Plaintiff's Complaint without prejudice for Plaintiff's failure to exhaust administrative remedies. [Doc. 28]. On September 14, 2020, Plaintiff's pro se notice of appeal was docketed in this matter. [Doc. 30]. Plaintiff hand dated the notice

of appeal August 10, 2020. [See id. at 3]. As noted by the Fourth Circuit, Plaintiff's notice of appeal contains an unsworn and unnotarized statement that Plaintiff delivered the notice to prison officials for mailing within the appeal period.[1] [See Doc. 34 at 2; Doc. 30 at 3]. The postage stamp on the envelope that contained the notice of appeal, along with a handwritten notation on the envelope, suggest, however, that the notice was not received until September 1, 2020 and not mailed until September 2, 2020. [Doc. 30-1]. The envelope was postmarked September 3, 2020. [Id.]. The Court will, therefore, require the parties to submit affidavits concerning the following:

(1) The date on which Petitioner delivered his notice of appeal to prison authorities;

(2) Any logs or other records of prisoner mail that would or should contain a record of Petitioner's notice of appeal; and

(3) Any other records or other information that may inform the Court's determination of whether Plaintiff timely filed a notice of appeal in this case.

Petitioner is advised that an affidavit is a written statement under oath; that is, a statement prepared in writing and sworn to before a notary public.

---

[1] Under Houston, notices of appeal by pro se prisoners are deemed filed at the time a petitioner delivers it to the prison authorities for forwarding to the court clerk. 487 U.S. at 276, 108 S.Ct. at 2385.

In the alternative, an unsworn statement, made and signed under penalty of perjury, may also be submitted.

## ORDER

**IT IS, THEREFORE, ORDERED** that the parties shall file affidavits within 14 days of this Order in accordance with the terms of this Order. Failure of Plaintiff to respond in accordance with this Order will result in the Court determining on remand that Plaintiff did not timely file a notice of appeal in this matter.

**IT IS SO ORDERED**.

Signed: April 13, 2021

Martin Reidinger
Chief United States District Judge