# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:19-cv-00039-MR

| | |
|---|---|
| AJANAKU MURDOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Remand from the Court of Appeals for the Fourth Circuit for the limited purpose of allowing this Court to determine the date on which Plaintiff filed a Notice of Appeal from the Court's Order Dismissing Plaintiff's Complaint without prejudice under Fed. R. App. P. 4(c)(1)[1] and <u>Houston v. Lack</u>, 487 U.S. 266, 276, 108 S.Ct. 2379,

---

[1] Rule 4(c)(1) provides: "If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:

(A) It is accompanied by: (i) a declaration in compliance with 28 U.S.C. § 1746---or a notarized statement---setting out the date of deposit and stating that first-class postage is being prepaid; or (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or
(B) The court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

2385 (1988).² [See Doc. 34].

Plaintiff filed a Complaint on January 28, 2019, pursuant to 42 U.S.C. § 1983. [Doc. 1]. On July 10, 2020, the Court entered an Order dismissing Plaintiff's Complaint without prejudice for Plaintiff's failure to exhaust administrative remedies. [Doc. 28]. On September 14, 2020, Plaintiff's pro se notice of appeal was docketed in this matter. [Doc. 30]. Plaintiff hand dated the notice of appeal August 10, 2020. [See id. at 3]. As noted by the Fourth Circuit, Plaintiff's notice of appeal contains an unsworn and unnotarized statement that Plaintiff delivered the notice to prison officials for mailing within the appeal period. [See Doc. 34 at 2; Doc. 30 at 3]. The postage stamp on the envelope that contained the notice of appeal, along with a handwritten notation on the envelope, suggest, however, that the notice was not received until September 1, 2020 and not mailed until September 2, 2020. [Doc. 30-1]. The envelope was postmarked September 3, 2020. [Id.].

On remand, to determine whether Plaintiff's Notice of Appeal was timely filed, the Court ordered the parties to submit affidavits regarding the timeliness of Petitioner's alleged first notice of appeal as fully set forth in the

---

² Under Houston, notices of appeal by pro se prisoners are deemed filed at the time a petitioner delivers it to the prison authorities for forwarding to the court clerk. 487 U.S. at 276, 108 S.Ct. at 2385.

Court's April 13, 2021 Order. [See Doc. 35]. The parties timely responded. [Docs. 36, 37]. The Government responded with an Affidavit of Detrol Ellison, a Correctional Officer III at Alexander Correctional Institution ("Alexander"), prison mail logs, and a copy of Alexander's Mailroom Operations Standard Operating Procedure ("Mailroom Operations SOP"). [Doc. 36 at ¶ 2: Ellison Aff.]. Ellison attests that he is familiar with Alexander's Mailroom Operations SOP. [Id. at ¶ 6]. Ellison further attests as follows regarding Alexander's mailroom operations SOP: (1) legal mail includes mail to and from federal courts; (2) "[a]ll outgoing legal mail shall be logged by mailroom staff in a separate Out Going Legal Mail DC-218 Mail Record Book;" (3) "[a]ll mail will be dropped off to/or picked up from the United States Post Office and/or Rural Carrier and Courier Box daily;" and (4) if any indigent inmate marks outgoing mail "legal," postage is paid by the Inmate Welfare Fund. [Doc. 36 at ¶¶ 8-11 (citing Mailroom Operations SOP)].

Ellison also attests that outgoing inmate mail is picked up at least once each weekday and taken to a U.S. Post Office. Alexander houses more than 1,200 inmates and all mail must be processed. All approved mail is delivered to the Post Office the following workday. [Doc. 36 at ¶ 13]. Further, from August 10, 2020 to September 3, 2020, Alexander's mailroom abided by the Mailroom Operations SOP. [Id. at ¶14]. Any legal mail, including Plaintiff's,

3

that was delivered to the mailroom on September 2, 2020 was dropped off at the U.S. Post Office on September 2, 2020 or September 3, 2020. [Id. at ¶ 14].

As to Plaintiff's legal mail in particular, Ellison attests that between August 10, 2020 and September 3, 2020, Plaintiff mailed three (3) pieces of legal mail. The first piece was logged by mailroom staff on August 18, 2020 and addressed to the address of the Charlotte Division of this Court. [Doc. 36-2 at 2]. The second piece was logged by mailroom staff on August 28, 2020 and mailed to the Clerk of the Iredell County Jail in Statesville, North Carolina. [Id. at 3]. The third piece of legal mail was logged by mailroom staff on September 2, 2020 and addressed to the Charlotte Division. [Id. at 4].

Plaintiff also responded to the Court's Order with an Affidavit. [Doc. 37]. Plaintiff attests that, "on or about 8-10-20, I sent in my notice of appeal regarding the dismissal. This was done in a timely manner." [Id. at 1]. Plaintiff also attests that he has "continued to have problems with [his] mail (legal) being withheld by staff here, only one in particular Ms. Starnes." [Id. at 1-2]. Plaintiff goes on to describe a delay he experienced with his mail in another matter and attaches Inmate Request Forms regarding inquiries

concerning legal mail Plaintiff sent out on October 9, 2020.[3]  [Id. at 2, 4-7].

It appears, contrary to Plaintiff's claim, that he delivered the Notice of Appeal to prison officials for mailing on September 1, 2020.  The envelope was marked "JPodC Hensley 9/1/20," which appears to indicate that it was collected from Plaintiff in JPodC on September 1, 2020.  [See Doc. 30-1 at 2].  The envelope also reflects that postage was added at Alexander on September 2, 2020 and that the envelope was postmarked September 3, 2020 in Greensboro, North Carolina.  [Id. at 1].  These dates are consistent with Alexander Mailroom Operations SOP.  Namely, the mail was collected from Plaintiff in his pod on September 1, 2020; logged and processed by mailroom staff on September 2, 2020; and dropped off at the Post Office the same day or the next day.  After receipt by the Charlotte Division Clerk's Office, the mail was transmitted to the Asheville Division Clerk's Office, where it was received and docketed on September 14, 2020.  [See Doc. 30-1 at 1; 9/14/2020 Docket Entry].

Plaintiff's vague claim that he "sent in [his] notice of appeal" "on or about 8-10-20" is insufficient to overcome the substantial evidence Defendants present regarding the timing of Plaintiff's delivery of the Notice

---

[3] The Inmate Request Forms are, therefore, clearly irrelevant to the issue at hand.

of Appeal for mailing. Every indication is that Plaintiff delivered the Notice of Appeal to corrections staff at Alexander on September 1, 2020. In the face of this substantial evidence, the Court cannot rely on Plaintiff's vague and wholly unsupported claim that he timely filed the Notice of Appeal.

As such, the Court finds on remand that, under Rule 4(c)(1) and Houston v. Lack, Plaintiff filed the Notice of Appeal in this matter on September 1, 2020.

The Court hereby **FINDS** that Plaintiff filed the Notice of Appeal [Doc. 30] in this case on September 1, 2020 pursuant to Federal Rule of Appellate Procedure 4(c)(1) and Houston v. Lack.

**IT IS SO ORDERED**.

Signed: May 24, 2021

Martin Reidinger
Chief United States District Judge